UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY ZAKRAJSEK, | ) | CASE NO. 1:16CV1085 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motions of Defendants, The Bank of New York Mellon Trust Company, N.A.; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Ocwen Loan Servicing, LLC, to Dismiss under Fed.R.Civ.P. 12(b)(1) and (6). (ECF DKT #20, #21 & #22). For the following reasons, the Motions are granted.

**I. BACKGROUND**

On October 19, 2005, Plaintiff Stanley Zakrajsek executed a Note and Mortgage in the amount of $116,000.00 with First National Bank of Arizona, securing real property known as 25635 Glenbrook Boulevard, Euclid, Ohio, 44117.

On July 30, 2013, MERS, as nominee for First National Bank of Arizona, granted, assigned and transferred all beneficial interest under that mortgage to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RS1.  Said assignment was recorded in Cuyahoga County on August 5, 2013.

Plaintiff alleges that Defendant Bank of New York Mellon filed a foreclosure action against him in Cuyahoga County Common Pleas Court on May 21, 2015.  Plaintiff further alleges that, on October 8, 2015, "an unenforceable, invalid, void, voidable, and/or inequitable Decree of Foreclosure was entered." (Amended Complaint, ECF DKT #16, ¶ 74). Plaintiff filed a Motion to Stay Execution of Judgment which was denied on October 20, 2015.  He filed an Appeal with the Eighth Appellate District; but the judgment was affirmed in part and the appeal was dismissed in part on January 5, 2017.

The instant action was instituted on May 5, 2016.  Following a Motion for More Definite Statement (ECF DKT #14) filed by Defendants, Bank of New York Mellon, MERS and Ocwen, the Court ordered Plaintiff to file an Amended Complaint.  The Amended Complaint for Money, Declaratory Judgment, Damages, Rescission and Other Relief (ECF DKT #16) was filed on November 10, 2016.  The Amended Complaint contains seven counts: Count One - Violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*; Count Two - Ohio Consumer Sales Practices Act ("CSPA"), R.C. § 1345.01, *et seq.*; Count Three -  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; Count Four - Breach of Fiduciary Duties; Count Five - Breach of Contract; Count Six -

Fraud/Misrepresentation; and Count Seven - Declaratory Judgment. In his Prayer for Relief, Plaintiff seeks compensatory and punitive damages against all Defendants, jointly and severally, and asks this Court to:

> Vacate and reverse any Decree of Foreclosure and any resulting Sheriff Sale, Confirmation of Sale, and/or otherwise; rescind the transfer of interest to any Defendant or third party; void and/or rescind the subject Mortgage, Note, Modification, Assignment, endorsements, Allonges, Trust, and/or any and all other relevant documents, and/or instruments; and/or compensate the Plaintiff for his loss of the subject Property and all other damages. (ECF DKT #16 at 27).

Plaintiff also asks:

> For a declaration and determination that the Plaintiff is the rightful holder of title to the Property alone and that each applicable Defendants [sic] be declared to have no estate, right, title, security interest, lien or other interest in said Property;
>
> * * * *
>
> Void the alleged security interests and hold the Plaintiff not liable for any amount alleged owed under said security interests or otherwise by any Defendant or third party, including any principle [sis], interest, finance charges, late fees, attorney fees, costs, expenses, and/or otherwise.

(ECF DKT #16 at 28).

Defendants, Bank of New York Mellon, MERS and Ocwen, move for dismissal of Plaintiff's Amended Complaint. They assert that Plaintiff's amended pleading does not cure the deficiencies noted in the Court's Order requiring more definite statement. The claims are effectively unchanged and Plaintiff does not allege which conduct is attributable to which Defendant. Defendants contend that the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Furthermore, they argue that the Amended Complaint fails to state a claim and is barred by res judicata.

Plaintiff opposed the Motion to Dismiss filed by MERS; but failed to timely file his opposition to the Motions of Bank of New York Mellon and Ocwen. (See Court's Order of July 25, 2017, ECF DKT #31).

## II. LAW AND ANALYSIS

**Subject Matter Jurisdiction**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction...

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752.

All three Defendants assert that the Court lacks subject matter jurisdiction because the

Amended Complaint is barred by the Rooker-Feldman doctrine. This is a factual attack.

**<u>Rooker-Feldman Doctrine</u>**

Under the Rooker-Feldman doctrine, a federal district court lacks subject matter jurisdiction to review final adjudications of a state court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004); *Stemler v. Florence*, 350 F.3d 578, 589 (6th Cir. 2003). An action is barred when it constitutes nothing more than a challenge to a state court judgment, *Carter v. Burns*, 524 F.3d 796, 798-799 (6th Cir. 2008), even if the state court judgment appears incorrect, *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986).

The Rooker-Feldman doctrine does not apply to claims which the state court never had the occasion to consider and could not have considered prior to the issuance of its order. *Stemler*, 350 F.3d at 589. The doctrine is restricted to situations where a party who lost in state court brings an action complaining of injuries caused by the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Federal review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id*. at 292. A party losing in state court is barred from seeking essentially appellate review in a United States District Court based on the claim that the state judgment violates his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

In the instant case, Plaintiff Zakrajsek is asking the Court to vacate and reverse the Decree of Foreclosure entered in Cuyahoga County Common Pleas Court; to void or rescind

the transfer of interest to any Defendant or third party; to void security interests and to declare Plaintiff is not liable for any amount owed under the Note, Mortgage and/or Modification. This is just that type of action which the Court lacks subject matter jurisdiction to consider. To the extent that Plaintiff seeks review of the state foreclosure proceeding and judgment, the Rooker-Feldman bar applies.

**Res Judicata**

Federal courts must give the same preclusive effect to a state court judgment as that judgment receives in the rendering state. *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007).

Under Ohio law, the doctrine of res judicata dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982). Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). Rather, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

Although Plaintiff Zakrajsek couches his claims for relief under some new affirmative legal theories, he nonetheless alleges that the Mortgage loan was invalid, that the assignment of the Note and Mortgage from MERS to Bank of New York Mellon was defective, and that

Bank of New York Mellon was not entitled to foreclose on the Mortgage. Plaintiff had the opportunity in his Brief in Opposition to Summary Judgment at the state level; and did raise, as defenses, a number of the claims he alleges in his federal Complaint here.

The Court finds that these key issues were decided on the merits by a court of competent jurisdiction. In the underlying proceeding, the state court granted summary judgment to Bank of New York Mellon Trust finding that the Trust was the holder of a Promissory Note signed by Zakrajsek, that Zakrajsek was in default of the Note, that the Trust was owed $116,725.79 as a result of the default, that the Trust was the assignee of the Mortgage on the property pledged as collateral for the Note and that the Trust was entitled to a decree of foreclosure.

Giving full faith and credit to the judgment of the state court, Zakrajsek is prohibited from litigating the foreclosure issues a second time in federal court. His claims are barred by res judicata.

**Fed.R.Civ.P. 12(B)(6)**

Even if this Court were permitted to consider the merits of Plaintiff's claims, his Amended Complaint fails to state claims upon which relief may be granted.

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that

> offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

In entertaining a Rule 12(b)(6) motion, the court may consider documents that are referred to in the pleadings and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (*citing Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The

"court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The Court may also take judicial notice of proceedings in another court without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

At the outset, the Court must repeat that Plaintiff's Amended Complaint did not cure the deficiencies identified in the Court's Order for more definite statement. Moreover, Plaintiff failed to oppose the Motions to Dismiss filed by Defendants, Bank of New York Mellon and Ocwen. The Court finds that Defendant MERS's motion has merit and that the arguments presented by the other Defendants entitle them to dismissal of the claims against them.

**Bank of New York Mellon**

The Court recognizes that Defendant Bank of New York Mellon has a Rule 12(b)(6) argument unique to it alone. That is, Plaintiff sued the wrong entity.

The evidence in this case reflects that the Note and Mortgage which were the subject of the foreclosure action were transferred and assigned in 2013 to **The Bank of New York Mellon Trust Company**, National Association fka The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., **as Trustee** for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RS1, and not to Bank of New York Mellon individually. The Trust held the interest in the Note and Mortgage for the Zakrajsek property. The Trust filed the foreclosure lawsuit and moved for summary judgment in its favor. The Cuyahoga County Common Pleas Court

granted the Trust a Decree in Foreclosure and the Trust was the successful purchaser at the Sheriff's Sale.

A bank, in its capacity as trustee, is distinct from a bank acting in its individual capacity. *Wells Fargo Bank, N.A. v. Freed*, No. 5-12-01, 2012 WL 6562819, at *5 (Ohio Ct. App. Dec. 17, 2012). A complaint is insufficient if it lacks facts supporting liability against the individual entity for actions taken in a trustee capacity. *City of Cincinnati v. Deutsche Bank Nat. Trust Co.*, 897 F.Supp.2d 633, 639 (S.D. 2012).

Zakrajsek has sued the incorrect entity and has not provided a factual basis for Bank of New York Mellon's individual liability. Bank of New York Mellon's Motion to Dismiss (ECF DKT #20) is granted.

**FDCPA and CSPA Claims**

In Count One of Plaintiff's Amended Complaint, Plaintiff alleges that Defendants are debt collectors under the FDCPA; and that Defendants stated that they had an interest in the Note, Mortgage, Modification, and/or Trust when they knew or should have known that they did not. Plaintiff further alleges that the conveyance, transfer or assignment of the Note and Mortgage violated industry standards and the mandates of the Pooling and Servicing Agreement. In Count Two, Plaintiff alleges that Defendants "engaged in conduct and/or omissions which constituted improper, fraudulent, or dishonest dealings or otherwise pursuant to and in violation of the Consumer Sales Practices Act;" and repeats that Defendants' violation of the FDCPA runs afoul of the CSPA.

First, the Court holds that Defendants do not meet the definition of a "debt collector" under the FDCPA: Any person "in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition specifically excludes the creditor or the person to whom the debt is owed. 15 U.S.C. § 1692a(6)(F)(ii). MERS and Ocwen are not in the business of collecting debts owed to others. Only Bank of New York Mellon as Trustee attempted to collect the debt owed by Zakrajsek, and Bank of New York Mellon as Trustee is the creditor on the subject Note and Mortgage.

Furthermore, as to the allegations of defective transfers or assignments, Plaintiff Zakrajsek does not have standing. Plaintiff is not a party to the Pooling and Servicing Agreement. "[A] litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, LLC v. Farmington Road Holdings*, 399 F.App'x 97, 102 (6th Cir. 2010). As a stranger to the assignment of the Note and Mortgage to Bank of New York Mellon as Trustee in 2013, Plaintiff is without standing to assert any FDCPA or interrelated CSPA claims in Counts One and Two of the Amended Complaint.

**RESPA Claim**

In Count Three of the Amended Complaint, Plaintiff alleges that the Real Estate Settlement Procedures Act ("RESPA") requires that notice be given when a consumer's loan is sold, securitized or assigned. As the result of Defendants' alleged generalized violations and non-compliance, Plaintiff claims to be entitled to actual damages, treble damages, statutory damages, reasonable attorney fees and costs. However, Plaintiff cites to 12 U.S.C. § 2605(b) which mandates that *a servicer* of any federally related mortgage loan notify the borrower of any assignment, sale or transfer *of the servicing of the loan* to any other person.

There are no allegations that Defendants MERS or Bank of New York Mellon are servicers. Defendant Ocwen arguably is a servicer under the statute; but Plaintiff provides no facts supporting any misconduct by Ocwen. Plaintiff offers only legal conclusions about Defendants' obligations. Plaintiff does not allege any actual loss due to the failure to identify the loan servicer as opposed to the damages he allegedly suffered from the foreclosure proceeding. Legal conclusions, without any supporting facts, are insufficient to state a claim. *Iqbal*, 556 U.S. at 677-78.

**Breach of Fiduciary Duties**

In Count Four of the Amended Complaint, Plaintiff alleges that a relationship of special confidence and trust existed between himself and each Defendant; but Defendants breached their fiduciary duties to him when, without authorization, the Note and Mortgage were securitized, rendering the Note and Mortgage null, void and unenforceable.

Plaintiff's bare allegations do not substantiate a fiduciary relationship between himself and MERS, Ocwen and/or Bank of New York Mellon. As a matter of law, "unless otherwise expressly agreed in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary or other relationship between the parties." R.C. § 1109.15(E).

**Breach of Contract**

In Count Five, Plaintiff alleges that each Defendant "materially and substantially breached the written, extended and/or implied terms, obligations, and conditions, if any, in the Note, Mortgage, and/or Modification." (ECF DKT #16, ¶ 119). Further, "Defendant Bank of New York, Defendant Ocwen, and related Defendants substantially and material [sic]

breached the oral and/or verbal agreements to short sale the Property." (*Id*. at ¶ 120).

First, Plaintiff has failed to clarify the circumstances and nature of any individual Defendant's breach as required by the Court's Order for More Definite Statement. Secondly, Plaintiff had the full opportunity to present this Breach of Contract claim in the state court foreclosure proceedings. In fact, a review of Plaintiff's briefing below demonstrates that the arguments were made, but declined by the state court judge. Res judicata bars Plaintiff any relief under Count Five of the Amended Complaint.

**Fraud/Misrepresentation**

Despite the Court's Order for More Definite Statement, Plaintiff's Fraud/Misrepresentation Claim is still deficient. His allegations are directed to all Defendants. He does not identify the misrepresentations or promises, who made them nor when they were made. This claim utterly lacks the particularity required by Fed.R.Civ.P. 9(b).

**Declaratory Judgment**

To prevail on a declaratory-judgment claim in Ohio, a plaintiff must set forth facts sufficient to establish three elements: "(1) that a real controversy between adverse parties exists; (2) which is justiciable in character; (3) and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148-49 (1992).

In his Amended Complaint, Plaintiff acknowledges that the Decree of Foreclosure was entered, that the property was sold at a Sheriff's Sale and that the sale was confirmed, all prior to the filing of the within lawsuit. There is no justiciable controversy between the parties.

Under these circumstances, a declaratory judgment would be unnecessary and ineffective to preserve Plaintiff's rights because his rights have already been adjudicated by a court of competent jurisdiction, Cuyahoga County Common Pleas Court.

### III. CONCLUSION

For all these reasons, the Motions (ECF DKT #20, #21 & #22) of Defendants, The Bank of New York Mellon Trust Company, N.A.; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Ocwen Loan Servicing, LLC, to Dismiss under Fed.R.Civ.P. 12(b)(1) and (6) are granted.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: August 10, 2017**